UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | 3:19-CR-0160 |
| NA'DEARDRA MAYHAMS, a/k/a Chyna, | (MANNION, D.J.) (MEHALCHICK, M.J.) |
| Defendant | |

**MEMORANDUM**

This matter comes before the Court on Defendant's Motion for Presentence Release. (Doc. 108). Defendant, Na'Deardra Mayhams, moves this Court for emergency release from custody pending sentencing pursuant to U.S.C. § 3145(c), and because her continued detention may violate her Eighth Amendment right to be free from cruel and unusual punishment. The Government opposes this motion. (Doc. 111).

**I.    BACKGROUND AND PROCEDURAL HISTORY**

In the instant case, Mayhams was charged by Criminal Complaint on May 17, 2019 with drug and firearms crimes.[1] On May 21, 2019, Mayhams was charged by indictment with drug and firearms crimes, in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 846, and 18 U.S.C. § 924(c). She appeared before this Court on May 23, 2019, for a detention hearing, at the

---

[1] Mayhams had previously been charged on May 6, 2016, on federal charges for Possession with Intent to Distribute Heroin and Cocaine Base (crack) in violation of 21 U.S.C. § 841(a)(1), and Possession of a Firearm in Furtherance of Drug Trafficking Activities in violation of 18 U.S.C. § 924(c) (filed to Docket 3:16-CR-127-4). These charges were dismissed pursuant to the Speedy Trial Act on May 18, 2019; the criminal complaint initiating the instant charges was filed the same day.

conclusion of which the Court ordered her released, setting conditions of release including pretrial services supervision. (Doc. 17). On December 6, 2019, Mayhams pleaded guilty to one count of possessing with the intent to distribute 40 grams of heroin and five grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C), and one count of possessing firearms in furtherance of her drug trafficking activities, in violation of 18 U.S.C. § 924(c). (Doc. 74). She was remanded to custody in advance of sentencing pursuant to the mandatory detention provisions set forth in 18 U.S.C. § 3143(a)(2). A sentencing date has not yet been set.

Counsel for Mayhams filed a Notice with the Court on April 6, 2020, indicating that the parties were unable to come to an agreement regarding Mayhams's release from detention, and indicating that neither party believes a hearing is necessary on the motion. (Doc. 110).

## II. DISCUSSION

### A. THE COVID-19 PANDEMIC

On March 11, 2020, the World Health Organization declared the novel coronavirus known as COVID-19 a pandemic.[2] The COVID-19 outbreak caused the President of the United States to declare a national emergency and the Governor of the Commonwealth of Pennsylvania to declare a state of emergency.[3] As of the date of this writing, there are

---

[2] *See* Tedros Adhanom Ghebreyesus, Director-General, World Health Organization, Opening Remarks at the Media Briefing on COVID-19 (March 11, 2020) (transcript available at https://www.who.int/dg/speeches/detail/who-director-general-s-opening-remarks-at-the-media-briefing-on-covid-19---11-march-2020).

[3] *See* President Donald J. Trump's Proclamation on Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak (March 13, 2020),

3,917,366 confirmed cases worldwide and 274,361 deaths; in the United States, there are 1,245,775 confirmed cases and 75,364 deaths.[4] Mindful of the incredible magnitude of this situation, and the extreme health risks associated with COVID-19, the Court will address the motion for pretrial release.

### B.     CONDITIONS AT LACKAWANNA COUNTY PRISON

Attached to the Government's brief in opposition (Doc. 111) to Mayhams's motion for release are the preventative actions taken by Lackawanna County Prison in response to the COVID-19 pandemic. Specifically, the prison implemented an action plan designed to mitigate the potential for spread of COVID-19 inside its facility, and for the protection of inmates and staff, including suspending contact visits, regular visitation, and visitation from volunteers, including religious leaders; implementing aggressive sanitation programs; suspending all programs that utilize "outside" employees; limiting individuals past reception to prison and medical staff; limiting attorney visits with inmates to meetings through the glass of a lawyer visitation room; cancelling all conferences and out-of-county trainings; planning for weekly contact with officials from the Pennsylvania Department of Corrections; and posting educational flyers in the blocks and in the reception area. (Doc. 111, at 27-30).

---

*available at* https://www.whitehouse.gov/presidential-actions/proclamation-declaring-national-emergency-concerning-novel-coronavirus-disease-covid-19-outbreak/; Governor Tom Wolf's Proclamation of Disaster Emergency (March 6, 2020), *available at* https://www.governor.pa.gov/wp-content/uploads/2020/03/20200306-COVID19-Digital-Proclamation.pdf.

[4] *See* Coronavirus Disease (COVID-19) Situation Dashboard, World Health Organization, https://who.sprinklr.com/ (last visited May 10, 2020).

As of April 2, 2020, one correctional officer at the Lackawanna County Prison tested positive for the virus. The Government submits that, according to the U.S. Marshals Service, the officer who tested positive did not have any close contact with Marshal Service Personnel, and that it is unlikely, though possible, that the officer who tested positive had close contact with federal inmates at the prison. The inmates have been advised of the situation and are currently on lockdown. The prison continues to admit prisoners during the lockdown. Inmates are permitted out of their cells for showers, phone calls, attorney visits (through glass windows), and video teleconferencing for court proceedings. Additionally, all employees and other individuals (including counsel for inmates) be screened for fevers, and if necessary, other symptoms, upon entering the prison.

    C.    <u>RELEASE PENDING SENTENCING PURSUANT TO 18 U.S.C. § 3145(C)</u>

Mayhams is detained pending sentencing pursuant 18 U.S.C. § 3143(a)(2), which mandates detention if a defendant is convicted of an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801, *et seq*.). Pursuant to § 3143(a)(2), detention is mandatory unless (1) there is "a substantial likelihood that a motion for acquittal or new trial will be granted" or "the Government has recommended that no sentence of imprisonment be imposed" and (2) the Court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community."

A defendant subject to detention pursuant to section 3143(a)(2) ... and who meets the conditions of release set forth in section 3143(a)(1) [5] may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate. 18 U.S.C. § 3145(c). "Exceptional" is something out of the ordinary that distinguishes the defendant's situation from that of other defendants subject to mandatory presentence detention. *United States v. Ortiz*, 1:18-CR-00134, 2020 WL 1904478, at *5 (M.D. Pa. Apr. 17, 2020); citing *United States v. Smith*, 34 F.Supp.3d 541, 553–54 (W.D. Pa. 2014) (internal citations omitted). The defendant carries the burden of establishing why detention is not appropriate. *Smith*, 24 F.Supp.3d at 551-52.

Mayhams submits that she should be released because the COVID-19 pandemic is an exceptional reason which renders her detention not appropriate, and that it poses a "direct risk … that is far greater" if she continues to be detained. (Doc. 109, at 9). She also asserts that her detention is not appropriate because she is an asthmatic, and her child's paternal grandmother, who cares for both of Mayhams's children, is asthmatic. The Court disagrees.

Mayhams's risk of exposure to COVID-19 at Lackawanna County Prison is not an exceptional circumstance warranting her release. "As serious as it is, the outbreak of COVID-

---

[5] Per § 3143(a)(1) a "judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence ... be detained, unless [a] judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under § 3142(b) or (c)," and if a "judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with § 3142(b) or (c)." 18 U.S.C. § 3143(a)(1).

19 simply does not override the statutory detention provisions.... In the absence of evidence demonstrating a change in circumstances concerning [the defendant's] status as a flight risk and danger to another person or the community, detention pending sentence must be maintained." *United States v. Rollins*, 2020 WL 1482323, at *2 (W.D.N.Y. Mar. 27, 2020). Nothing about Mayhams's circumstances has changed to override the presumption of detention under § 3143(a)(2). Nothing about the COVID-19 pandemic reduces the defendant's danger to others. *United States v. Johnson*, 4:17-CR-256-2, 2020 WL 1939588, at *6 (M.D. Pa. Apr. 22, 2020). In considering a motion to continue a self-surrender date in light of the COVID-19 pandemic, the Third Circuit held that "the existence of a widespread health risk is not, without more, a sufficient reason for every individual subject to a properly imposed federal sentence of imprisonment to avoid or substantially delay reporting for that sentence," and stating that it is "imperative" that the courts "continue to carefully and impartially apply the proper legal standards that govern each individual's particular request for relief. *United States v. Roeder*, 20-1682, 2020 WL 1545872, at *3 (3d Cir. April 1, 2020). In the context of reviewing a motion for compassionate release, the Circuit noted "… the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020).

    Even considering the health issues Mayhams raises which may put her at increased risk for COVID-19, her assertion of that risk is speculative, and there is nothing in the record before the Court that reflects she is not receiving necessary treatment for his conditions while in Lackawanna County Prison, or that the prison is not taking steps to mitigate his risk for infection. Her argument regarding her child's paternal grandmother is even more speculative.

A defendant should not be entitled to release based solely on generalized COVID-19 fears and speculation. *See United States v. Boatwright*, 2020 WL 1639855, at *8 (D. Nev. Apr. 2, 2020) (denying motion for temporary release pursuant to § 3142(i)); *see also Raia*, 2020 WL 1647922, at *2. Mayhams fails to establish exceptional circumstances that warrant her release under 18 U.S.C. § 3145(c).

        D.      V<small>IOLATION OF</small> E<small>IGHTH</small> A<small>MENDMENT</small> R<small>IGHTS</small>

Mayhams also argues that her release is warranted as her continued confinement while exposed to COVID-19 may violate the Eighth Amendment's prohibition against cruel and unusual punishment. In making this argument, Mayhams relies on the Supreme Court's decision in *Helling v McKinney*, 509 U.S. 25 (1993), in which the Court found that the plaintiff, who was assigned to a cell with a smoker, stated a cause of action under the Eighth Amendment, as his exposure to tobacco smoke posed an unreasonable risk of serious damage to his future health. The Government's only response to this is that Mayhams's argument is "unavailing" and belied by the "measure[s] put in place and by the fact that despite a corrections officer testing positive, not one inmate at LCP has reported associated flu-like symptoms or tested positive for COVID-19." (Doc. 111, at 23, n. 15).

The Eighth Amendment "was designed to protect those convicted of crimes and consequently the Clause applies only after the State has complied with constitutional guarantees traditionally associated with criminal prosecutions." *Hubbard v. Taylor*, 399 F.3d 150, 164 (3d Cir. 2005); quoting *Whitley v. Albers*, 475 U.S. 312, 318 (1986) (citation and internal quotations omitted). The Third Circuit has held that Eighth Amendment "protections do not attach until after conviction and sentence." *Hubbard*, 399 F.3d at 164; quoting *Graham v. Connor*, 490 U.S. 386, 392 n. 6 (1989). Thus, a federal inmate awaiting sentencing must

look to the Due Process Clause of the Fifth Amendment.[6] *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012); *see Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Fuentes v. Wagner*, 206 F.3d 335, 341–42 (3d Cir.2000). The Due Process Clause of the Fifth Amendment protects pretrial detainees from prison conditions that amount to punishment. *Bell*, 441 U.S. at 535 (1979). "Under *Bell*, a 'particular measure amounts to punishment when there is a showing of express intent to punish on the part of detention facility officials, when the restriction or condition is not rationally related to a legitimate non-punitive government purpose, or when the restriction is excessive in light of that purpose.'" *United States v. Stevens*, CR 19-350-02, 2020 WL 1888968, at *5 (E.D. Pa. Apr. 16, 2020); quoting *Bistrian*, 696 F.3d at 373.

---

[6] The Supreme Court has not directly addressed the question of which standard applies to an excessive-force claim of a detainee who has been convicted but not sentenced, and the circuits are divided. *See Fisherman v. McGriff*, 17-CV-2320 (PJS/ECW), 2020 WL 1330176, at *2 (D. Minn. Mar. 23, 2020) (comparing *Berry v. City of Muskogee*, 900 F.2d 1489, 1493 (10th Cir. 1990) ("We see no reason to treat incarcerated persons whose guilt has been adjudicated formally but who await sentencing like pretrial detainees, who are detained primarily to ensure their presence at trial and who cannot be punished."), *with Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012) ("The Cruel and Unusual Punishments Clause, however, does not apply until an inmate has been both convicted of and sentenced for his crimes."), *and Lewis v. Downey*, 581 F.3d 467, 474 (7th Cir. 2009) (Fourteenth Amendment applies to excessive-force claim of inmate awaiting sentencing because " 'the State does not acquire the power to punish with which the Eighth Amendment is concerned' " until defendant is both convicted and sentenced (quoting *Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977)); *Manley v. Grossman*, 13-CV-1974 (KMK), 2017 WL 4326541, at *8 (S.D.N.Y. Sept. 27, 2017) (excessive-force claims brought by inmates awaiting sentencing are governed by Eighth Amendment), *and Taylor v. San Bernardino Cty. Sheriff's Dep't*, No. EDCV 14-1190-AG (JEM), 2017 WL 2789502, at *5 (C.D. Cal. Mar. 31, 2017), *Report and Recommendation adopted*, 2017 WL 2784832 (C.D. Cal. June 27, 2017) (same), *with Pitts v. Espinda*, No. 15-0483 (JMS/BMK), 2016 WL 475137, at *5 (D. Haw. Feb. 8, 2016) ("The Eighth Amendment's prohibition against the malicious or sadistic use of force does not apply 'until after conviction and sentence.'" (quoting *Graham v. Connor*, 490 U.S. 386, 392 n.6 (1989))).

Mayhams's detention at Lackawanna County Prison, and the risk associated with COVID-19, are not excessive in relation to the Government's legitimate purpose of protecting the community and securing her appearance at sentencing, the bases of the mandatory detention requirement of 18 U.S.C. § 3142(a)(2). *Stevens*, 2020 WL 1888968, at *5; *see also United States v. Cox*, 2020 WL 1491180, at *6 (D. Nev. Mar. 27, 2020) (finding no Fifth Amendment violation in detaining defendant prior to trial under the Bail Reform Act despite COVID-19 health risks); *United States v. Boone*, No. 2:16-CR-00020-TLN, 2020 WL 1865202, at *3 (E.D. Cal. Apr. 14, 2020) (finding no Fifth Amendment violation in detaining defendant prior to sentencing under the Bail Reform Act despite COVID-19 health risks).

Mayhams makes only a generic argument that her conditions of confinement run afoul of his Constitutional rights. She makes neither a compelling case of a constitutionally cognizable deprivation nor demonstrates that Lackawanna County Prison is being deliberately indifferent to the needs and circumstances of the people who are in its custody. She has not established that the conditions at the facility are "arbitrary or purposeless." *See Bell,* 441 U.S. at 539. Mayhams has not shown that the facility and authorities are unable or unwilling to address COVID-19, or that she is not being treated for any medical issues. *See Boatwright*, 2020 WL 1639855, at *6–7 (rejecting general Fifth Amendment arguments that applied equally to any detainee, and noting that the prison was taking reasonable recommended precautions); *United States v. Lee*, 2020 WL 1541049, at *5 (D.D.C. March 30, 2020) (rejecting Fifth Amendment arguments in light of aggressive precautions being taken by the prison to prevent the spread of COVID-19); *United States v. Villegas*, No. 2:19-cr-568-AB, 2020 WL 1649520, at *2–3 (C.D. Cal. Apr. 3, 2020)(finding no evidence of arbitrary and punitive intent where the Bureau of Prisons was responding to


prevent infectious outbreak, protect inmate health, and preserve internal order); *United States v. Moran*, No. SAG-19-0585, 2020 WL 1663366, at *2 (D. Md. Apr. 3, 2020) (noting that while detention during a pandemic was not optimal, the measures taken by the prison facility were reasonable under the circumstances, so the defendant's allegations did not rise to the level of a constitutional violation); *see also Boone*, 2020 WL 1865202, at *3; *Peterson v. Diaz*, No. 2:19-cv-01480-WBS-GGH, 2020 WL 1640008, *2 (E.D. Cal. Apr. 2, 2020). Indeed, the evidence before the Court shows that the facility is complying with guidelines set forth by the Center for Disease Control and taking steps and precautions to mitigate and control the virus at the facility. *See United States v. Robert Leake*, 19-CR-194 (KBJ), 2020 WL 1905150, at *5 (D.D.C. Apr. 17, 2020). District Courts throughout the country have rejected Constitutional challenges to pretrial detention based on general concerns over the COVID-19 pandemic. *United States v. Hernandez*, 3:19-CR-346-K, 2020 WL 1876102, at *5 (N.D. Tex. Apr. 14, 2020) (collecting cases).

Based on the information before the Court, the Court finds Defendant's conditions of confinement are reasonably related to legitimate government interests. For these reasons, the Court finds that Defendant's constitutional argument fails.

III. **CONCLUSION**

While the Court is sympathetic to the concerns regarding the spread of COVID-19, and recognizes the potential for Mayhams's exposure to the virus while at Lackawanna County Prison, that potential exists anywhere in the community. Lackawanna County Prison has taken steps to minimize infection. With no evidence that prison is not providing appropriate medical care, or is unable to do so, the Court is not persuaded that Mayhams should be released pending sentencing. As such, her motion (Doc. 108) is **DENIED**.

An appropriate Order will follow.


**Dated: May 11, 2020**                              *s/ Karoline Mehalchick*
                                                      **KAROLINE MEHALCHICK**
                                                      **United States Magistrate Judge**